# In the United States Court of Federal Claims

No. 20-1204

Filed: December 16, 2020

|  |  |
|---|---|
| CENOBIO HUMBERTO HERRERA, Sr., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER DISMISSING CASE**

On September 11, 2020, plaintiff, Cenobio H. Herrera, Sr., proceeding *pro se*, filed a complaint with this Court, through which he appears to seek damages for unjust conviction and imprisonment. *See generally* Complaint, ECF No. 1. In his Complaint, plaintiff further alleges that "[r]espondent failed to answer its response to Presentment under Special Visitation Writ of Personal Replevin and Interrogatories by Third Party Interpleader" in "District Court Case No. 2:00-cr-201, Central District of California." *Id*. at 2. Plaintiff further seeks "expungment [sic] of the criminal record." *Id*. at 3

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

On October 1, 2020, this case was transferred to the undersigned judge. Order, ECF No. 8. On October 28, 2020, this Court issued an Order to Show Cause as to why this Court has jurisdiction over plaintiff's claim. *See* Order to Show Cause, ECF No 10. On November 5, 2020, plaintiff filed a motion for summary judgment, "asserting that this motion requesting for this Honorable Court to rely on facts that are not in dispute to rule in the Plaintiff's favor without a trial, due to the fact that Plaintiff has fully complied with the due process of law." Plaintiff's Motion for Summary Judgment at 1, ECF No. 12. On November 30, 2020, the Court received plaintiff's Response to the Court's Order to Show Cause. *See generally* Plaintiff's Response to Court's Order to Show Cause, ECF No. 15. In that filing, plaintiff asserts, *inter alia*, that this Court has jurisdiction over plaintiff's claim based on "an implied contract with [the] United States for unliquidated damages," pursuant to 28 U.S.C. § 1491 (a). *Id*. at 1. On December 1, 2020, defendant filed a motion to stay, informing the Court of plaintiff's alleged failure to respond to the Court's Order to Show Cause and requesting that this Court "stay the deadline for

responding to the motion for summary judgment until after the Court has reviewed any response filed by Mr. Herrera to the order to show cause or addresses his lack of a response." Defendant's Motion to Stay Deadline at 1, ECF No. 13.

Upon *sua sponte* review, this Court finds that plaintiff's allegations have not met the requirements set forth under 28 U.S.C. § 2513 (a). Specifically, plaintiff must "allege and prove" that (1)"[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction," and that (2)"[h]e did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513 (a) (outlining the requirements for any person suing under 28 U.S.C. § 1495, seeking damages for unjust conviction and imprisonment).[1] This Court has no authority over plaintiff's case, and therefore must dismiss the complaint pursuant to RCFC 12(h)(3).

For the reasons stated above, plaintiff's Complaint is hereby **DISMISSED**, pursuant to RCFC 12(h)(3), and defendant's Motion to Stay and plaintiff's Motion for Summary Judgment are hereby **DISMISSED** as **MOOT**. The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith,
Senior Judge

[1] Plaintiff filed an "Identity of Presenter" with his Complaint. Complaint, Exhibit 1, ECF No. 1. This Exhibit does not fulfill the requirements outlined under 28 U.S.C. § 2513 (a). *See id*.